JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-00708 DMG (SHx) | Date | March 7, 2012 |
|---|---|---|---|

| Title | *Jose Luis Leyva, et al. v. Wells Fargo Bank N.A., et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On January 26, 2012, Defendant Wells Fargo Bank, N.A. removed this action from Los Angeles County Superior Court on the basis of diversity jurisdiction. Relying on *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006), Wells Fargo asserts that as a national banking association it is solely a citizen of South Dakota because its articles of association designate its main headquarters in Sioux Falls, South Dakota. (Notice of Removal at 3 [Doc. # 1].)

On February 3, 2012, this Court issued an Order to Show Cause ("OSC") why this action should not be remanded pursuant to the Court's decision in *Rouse v. Wachovia Mortgage, FSB*, No. CV 11-00928 DMG (DTBx), 2012 WL 174206, 2012 U.S. Dist. LEXIS 6962 (C.D. Cal. Jan. 13, 2012) [Doc. # 8]. In *Rouse*, the Court found Wells Fargo is also a citizen of California because it maintains a principal place of business in San Francisco, California. Wells Fargo filed its response on February 9, 2012 [Doc. # 11].

In its response to the OSC, Wells Fargo argues that this Court was incorrect to interpret the jurisdictional statute, 28 U.S.C. § 1348, "dynamically."[1] (Response at 9.) The case of *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), upon which Wells Fargo relies, is inapt in this context. In *Carden*, the Supreme Court decided "whether, in a suit brought by a limited partnership, the citizenship of the limited partners must

---

[1] In *Rouse*, the Court's point was not that the meaning of the statute, 28 U.S.C. § 1348, changes over time, but that Congress used a word, "located," susceptible to many different meanings, with the express intent that national banks would have their citizenship determined in a way closely analogous to that of state-chartered corporations. That "located" in the late nineteenth century denoted only the place designated in a bank's articles of incorporation or association does not mean that Congress intended to ossify this denotative meaning forever with respect to national banks. Congress' overarching consideration was jurisdictional parity between state- and federally-chartered institutions. *See Schmidt*, 546 U.S. at 310 ("[F]or federal jurisdictional purposes, Congress placed national banks 'on the same footing as the banks of the state where they were located.'" (quoting *Leather Mfrs.' Bank v. Cooper*, 120 U.S. 778, 780, 7 S.Ct. 777, 30 L.Ed. 816 (1887))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00708 DMG (SHx)** | Date | March 7, 2012 |
|---|---|---|---|

| Title | *Jose Luis Leyva, et al. v. Wells Fargo Bank N.A., et al.* | Page | 2 of 3 |
|---|---|---|---|

be taken into account to determine diversity of citizenship among the parties." *Id*. at 186. Answering that question in the affirmative, the Supreme Court explained that, other than corporations, state-created artificial entities are not considered "citizens" for jurisdictional purposes. *Id*. at 188-89. Thus, diversity jurisdiction in a suit by or against a limited partnership or other non-corporate entity depends on the citizenship of all of the entities' members. *Id*. at 195-96 (quoting *Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Chapman v. Barney*, 129 U.S. 677, 682, 9 S.Ct. 426, 32 L.Ed. 800 (1889)).

National banks—in contrast to the state-created entities at issue in *Carden*—are deemed citizens. *See Schmidt*, 546 U.S. at 306 ("Congress has discretely provided that national banks 'shall . . . be deemed citizens of the States in which they are respectively located.'" (quoting 28 U.S.C. § 1348)). Thus, *Carden*'s admonition that courts should leave to Congress the determination of which entities to treat as citizens has no bearing on the analysis here.

Wells Fargo also directs the Court's attention to a recent decision from the Central District of California in which Judge Morrow found that the principal-place-of-business test does not apply to national banking associations. *See Mireles v. Wells Fargo Bank, N.A.*, __ F. Supp. 2d __, 2012 WL 84723, 2012 U.S. Dist. LEXIS 3871 (C.D. Cal. Jan. 11, 2012). This is unremarkable. Reasonable jurists can and do disagree over this issue—sometimes, they have even changed their minds on the issue. *Compare, e.g.*, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 709 (8th Cir. 2011) ("[A] national bank is a citizen only of the state in which its main office is located."), *Silva v. Wells Fargo Bank NA*, No. CV 11–3200 GAF (JCGx), 2011 WL 2437514, at *2, 2011 U.S. Dist. LEXIS 64636, at *5-6 (C.D. Cal. June 16, 2011) (Feess, J.) (same), *and DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010) (same), *with WMR e-PIN*, 653 F.3d at 718 (Murphy, J., dissenting) ("[I]n the rare case where a bank's main office and principal place of business are in different states, the national bank would be 'located' in both."), *McCrady v. Wells Fargo Bank, N.A.*, No. CV 11–08587 SJO (MRWx), 2011 WL 6009966, at *4, 2011 U.S. Dist. LEXIS 136649, at *9 (Otero, J.) ("Wells Fargo is a citizen of California because its principal place of business is in California."), *Goodman v. Wells Fargo Bank, NA*, No. CV 11–2685–JFW (RZx), 2011 WL 2372044, 2011 U.S. Dist. LEXIS 63165 (C.D. Cal. June 1, 2011) (Walter, J.) (same), *and Saberi v. Wells Fargo Home Mortg.*, No. 10CV1985 DMS (BGS), 2011 WL 197860, at *3, 2011 U.S. Dist. LEXIS 5286, at *8 (S.D. Cal. Jan. 20, 2011) ("[F]or purposes of diversity jurisdiction, Wells Fargo Bank is both a citizen of South Dakota, where it has designated its main office, and California, where it has its principal place of business."). As Wells Fargo acknowledges, Judge Morrow had previously reached the opposite conclusion prior to her ruling in *Mireles*. *See Stewart v. Wachovia Mortg. Corp.*, No. CV 11–06108 MMM (AGRx), 2011 WL 3323115, at *6, 2011 U.S. Dist. LEXIS 85822, at *18

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-00708 DMG (SHx)** | Date | March 7, 2012 |
| Title | *Jose Luis Leyva, et al. v. Wells Fargo Bank N.A., et al.* | Page | 3 of 3 |

(C.D. Cal. Aug. 2, 2011) ("*Schmidt* should not [be] read to foreclose the possibility that a national bank is a citizen of the state where it has its principal place of business.").

The Court is sympathetic to Wells Fargo's position that its ability to litigate in the Central District of California is currently subject to "the luck of the draw" (Response at 5) given the split of authority on the jurisdictional issue. That is not a reason, however, for reconsideration of this Court's rationale in *Rouse*. Barring legislative clarification of the "location" of national banks, the appropriate mechanism for establishing uniformity among the district courts is guidance from the Circuit Courts of Appeals or the Supreme Court.

Although this was not the basis for the Court's decision in *Rouse*, the Court notes that the purpose of diversity jurisdiction is to avoid the effects of prejudice that "outsiders" may suffer if forced to litigate in the courts of a foreign state. *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009) (citing *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990)). Wells Fargo is an iconic California institution. It admittedly maintains its principal place of business in California. There is little possibility that Wells Fargo will be viewed as an outsider when litigating in California courts. Moreover, there is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The Court finds no reason to depart from its conclusion in *Rouse* that Wells Fargo is a California citizen. As such, there is no diversity of citizenship among the parties to support the exercise of federal subject matter jurisdiction.

In light of the foregoing, this action is hereby **REMANDED** to Los Angeles County Superior Court. The March 9, 2012 hearing on Wells Fargo's motion to dismiss [Doc. # 6] is **VACATED**.

**IT IS SO ORDERED.**